IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LIBERTY MUTUAL INSURANCE**                                      **PLAINTIFFS**
**COMPANY and LIBERTY MUTUAL**
**FIRE INSURANCE COMPANY**

**V.**                                                             **NO. 3:14-CV-245-DMB-JMV**

**PMG STAFFING, INC.**                                             **DEFENDANT**

**V.**

**LIPSCOMB & PITTS INSURANCE, LLC**                                **THIRD PARTY DEFENDANT**

## ORDER DENYING MOTION TO FILE EXHIBIT UNDER SEAL

On June 15, 2016, PMG Staffing, Inc., filed an "Unopposed Motion to File Exhibit under Seal." Doc. #146. In the motion, PMG Staffing requests leave to file under seal an "Exhibit A" in support of its "Combined Motion for Summary Judgment and Memorandum Brief as to the Counterclaim of Lipscomb & Pitts, LLC" filed May 31, 2016.[1] *Id.* at ¶ 3. As grounds, PMG Staffing states only that "Exhibit 'A' to the Motion is a document that is considered confidential pursuant to a Protective Order entered by [Magistrate Judge Jane M. Virden] and agreed to by all parties." *Id.* at ¶ 2 (citing Doc. #51). PMG Staffing represents that its motion is unopposed by the other parties. *Id.* at ¶ 3.

Rule 79 of the Uniform Local Rules governs the sealing of documents in this Court. As an initial matter, Rule 79 instructs that "[n]o document may be sealed merely by stipulation of the parties. A confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule." L.U. Civ. R. 79(d). Under Local

---

[1] PMG Staffing filed Exhibits "B" through "E" with its summary judgment motion. Doc. #146-1; Doc. #146-2; Doc. #146-3; Doc. #146-4.

Rule 79 then, PMG Staffing's stated reasons for sealing "Exhibit A"—that its sealing should be permitted pursuant to a protective order and the parties' agreement—fail in and of themselves.

Additionally, PMG Staffing's motion to seal fails to otherwise comply with Local Rule 79. Recognizing the general presumption that "all pleadings and other materials filed with the court … become part of the public record of the court," *id.* at 79(a), Rule 79 sets forth specific requirements for motions to file documents under seal:

> Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:
>
> (A) A non-confidential description of what is to be sealed;
> (B) A statement of why sealing is necessary, and why another procedure will not suffice;
> (C) References to governing case law; and
> (D) Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.
> (E) The proposed order must recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

*Id.* at 79(e)(4).[2]

Because PMG Staffing did not, among other things, submit along with its motion to seal: (1) a separate memorandum brief describing what is to be sealed, explaining the necessity of sealing, referencing case law, and stating how long "Exhibit A" should be under seal and how it is to be handled upon unsealing; and (2) a proposed order in accordance with Local Rule 79, PMG Staffing's

---

[2] The memorandum requirement of Rule 79 is also mandated elsewhere in the Court's Local Rules. *See* L.U. Civ. R. 7(b)(4) ("At the time the motion is served, … counsel for movant must file a memorandum brief in support of the motion."). *See also id.* at 7(b)(2) ("The memorandum brief must be filed as a separate docket item from the motion …."). Although not expressly required by Local Rule 79, the document sought to be sealed also may be submitted to the Court for in camera review, which often facilitates the Court's review of a request to seal.

motion to seal violates this Court's Local Rules and, therefore, is insufficient to justify the relief sought. According, PMG Staffing's motion to seal [151] is **DENIED**.

**SO ORDERED**, this 27th day of June, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**